IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

EMPTY TOMB, INC.

        Plaintiff,

v.

GLOBAL PARTNERSHIP MINISTRIES, INC.

        Defendant.

No.

## COMPLAINT

Plaintiff, Empty Tomb, Inc. ("Plaintiff" or "Empty Tomb"), by and through the undersigned counsel, hereby files this Complaint against Defendant, Global Partnership Ministries, Inc. ("Defendant" or "GPM"). In support thereof, Plaintiff states as follows:

## INTRODUCTION

1. This is an action for trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §1114 and §1125(a); deceptive trade practices under Illinois law; unfair competition under Illinois law; and violation of the federal Anti-Cybersquatting Consumer Protection Act.

2. The action results from, *inter alia*, Defendant's unauthorized and intentional use of a confusingly similar variation of Plaintiff's federally-registered MISSION MATCH service mark (the "Mark"), as well as Defendant's various tortious and unfair business practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1338(b).

4. Venue and personal jurisdiction is proper in the Northern District of Illinois under 28 U.S.C. 1391 (b) and (c) and 15 U.S.C. 1121 since, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant has promoted its services on its website, in connection with marks confusingly similar to Plaintiff's Mark, in this district.

## PARTIES

5. Plaintiff is an Illinois not-for-profit corporation with its principal place of business located at 301 N. 4th Street, Champaign, Illinois 61820.

6. Upon information and belief, Defendant is a Georgia not-for-profit corporation with its principal place of business located at 4149 Checkmate Drive, Anchorage, Alaska 99508.

## BACKGROUND

7. On February 7, 2001, Empty Tomb began marketing its Christian mission-based charitable fundraising services under the "MISSION MATCH" name and mark.

8. On November 13, 2004, a person named Theresa Miles registered the <www.missionmatch.com> domain name. *See* Exhibit A. Ms. Miles is listed as the registrant at least through November 29, 2009. *See* Exhibit A. Ms. Miles never used the domain name. *See* Exhibit A. Based on information and belief, Ms. Miles has no current or previous relationship with either Plaintiff or Defendant.

9. On September 20, 2005, the United States Patent and Trademark Office ("USPTO") granted to Empty Tomb a U.S. registration for its MISSION MATCH service mark (Reg. No. 2998240). *See* Exhibit B. The registration lists the first date of use as occurring *at least* as early as April 4, 2001.

10. In June of 2007, Empty Tomb purchased and began using the domain name <www.missionmatch.info> to market its services online under the MISSION MATCH mark. *See* Exhibit C. In April and June of 2008, Empty Tomb purchased the additional domain names, <www.missionmatch.net> and <www.missionmatch.org> respectively, to further promote and market its services under the mark, MISSION MATCH. *See* Exhibit D-E.

11. On or about December 29, 2009, David Kirby purchased the domain name www.missionmatch.com from Ms. Miles. Mr. Kirby has admitted that he purchased the domain name in order to direct consumers to a website that advertised GPM's services. GPM funds, facilitates, and provides missionary services.

12. On January 18, 2010, Empty Tomb sent an email to GPM explaining that Empty Tomb owns a federal registration for MISSION MATCH, which it uses in connection with mission-based charitably fundraising services. *See* Exhibit F. Empty Tomb also informed GPM that it cannot use a domain name incorporating Empty Tomb's trademark that directs consumers to a website offering competing services. *See* Exhibit F.

13. Mr. Kirby rejected Empty Tomb's explanations and petitions and did not abandon or otherwise transfer the domain name. Mr. Kirby also ultimately rejected Empty Tomb's reasonable offer to purchase the domain name for $1500 (well above registration costs); instead, Mr. Kirby renewed the domain name on November 14, 2010. *See* Exhibits G-H.

14. On or around February 13, 2011, David Kirby transferred ownership of the <www.missionmatch.com> domain name to GPM. *See* Exhibit H. GPM acquired the domain name despite knowledge of Empty's MISSION MATCH registration. GPM is the current registrant of record.

15. On May 20, 2011, after ten years of continuous use and over five years after federal registration, Empty Tomb filed and the USPTO accepted a Section 8 Declaration of Use and Section 15 Incontestability. *See* Exhibit I.

16. On July 4, 2011, GPM filed a trademark application for MISSIONMATCH for use in connection with "Christian ministry services." *See* Exhibit J. The USPTO refused to register GPM's trademark application and cited Empty Tomb's MISSION MATCH and MISSION MATCH AN EXPENSE marks against GPM's application. *See* Exhibit J.

17. On September 2, 2011, Empty Tomb filed a complaint with the National Arbitration Forum naming GPM as the respondent.

18. Mistakenly citing November 13, 2004 as the date GPM registered the <www.missionmatch.com> domain name, rather than the correct date of February 13, 2011, the National Arbitration Forum found in favor of GPM. This error incorrectly gave the Panelist the impression that GPM registered the domain name before Empty Tomb federally registered its mark.

19. Despite multiple letters, a UDRP proceeding, and a refusal by the USPTO, GPM continues to use <missionmatch.com> to direct consumers to its website that advertises its missionary services.

20. Empty Tomb has invested substantial time, effort, and expense extensively promoting, marketing, and advertising the MISSION MATCH mark in connection with its services.

21. As a result of the continuous and considerable advertising, marketing and promotion by Empty Tomb, the MISSION MATCH mark has become, through public

acceptance and recognition, an asset of substantial value symbolizing Empty Tomb's quality of services and goodwill.

22. Between 2002 and 2015, congregations in 23 states have received over 100 Mission Match donations from Empty Tomb.

23. Empty Tomb has never authorized, licensed or otherwise permitted GPM to use the MISSION MATCH mark, or any confusingly similar variation thereof. Since 2010, and immediately after Scott Kirby GPM began using the MISSION MATCH mark and domain name to direct to GPM's website, Empty Tomb has objected to GPM's use of the MISSION MATCH mark and the <missionmatch.com> domain name; nevertheless, GPM has used and continues to use the MISSION MATCH mark and the <missionmatch.com> domain name to market and promote its missionary services.

24. Consumers have mistaken Defendant's website, <www.missionmatch.com>, with Plaintiff's site, <www.missionmatch.org> and, consequently, have mistaken GPM for Empty Tomb.

25. Empty Tomb has contacted GPM several times in a good-faith attempt to resolve this matter quickly and amicably—even offering GPM reasonable compensation. GPM has spurned each of Empty Tomb's entreaties. This lawsuit was Empty Tomb's last resort.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

26. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-25 of this Complaint as if set forth fully herein.

27. Without Plaintiff's consent, Defendant has used and continues to use the "MISSIONMATCH" mark in commerce on its website that it uses to advertise its mission services; in its advertisements it uses to promote its website and the services offered therein; and,

5

within its email (missionmatch@aol.com) that is uses for direct communication with consumers. *See* Exhibits K-L.

28. Defendant's unauthorized use of the MISSION MATCH mark and approximations thereof, in interstate commerce, has caused and is likely to cause confusion, mistake, or deception. 15 U.S.C. § 1114(1)(a).

29. Defendants knew or should have known about Plaintiff's rights in MISSION MATCH since at least 2005. Moreover, Defendant knew Plaintiff was using the MISSION MATCH in connection with mission-based charitable fundraising services since at least 2010. Defendant's previous and current use of Plaintiff's Mark, despite Defendant's direct knowledge of Plaintiff's rights to the Mark, constitutes willful infringement.

30. Plaintiff has been and is being damaged by Defendant's trademark infringement and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(a) A permanent mandatory injunction ordering Defendant to stop using the confusingly similar MISSIONMATCH name and mark in connection with missionary services and related services;

(b) Defendant's trebled damages or profits associated with the infringement, in an amount to be determined at trial, but in no event less than $20,000;

(c) Plaintiff Empty Tomb's cost and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT II
### FEDERAL UNFAIR COMPEITTION

31.     Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-30 of this Complaint as if set forth fully herein.

32.     Defendant has passed off and continues to pass off its services as Plaintiff's services by using—with ample notice and knowledge of Plaintiff's business and MISSION MATCH mark—the confusingly similar MISSIONMATCH mark and <missionmatch.com> domain name in connection with mission services.

33.     The relevant public has believed and is likely to believe that Defendant's services originate with, are licensed by, sponsored by, connected with, or otherwise associated with Plaintiff.  Defendant's unauthorized use of the infringing mark falsely represents Defendant as being legitimately connected with Plaintiff and places Plaintiff's reputation beyond Plaintiff's control.

34.     Empty Tomb has been and is being damaged by such conduct and has no adequate remedy at law.  Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(a) A permanent mandatory injunction ordering Defendant to stop passing its services off as Plaintiff's services by not using the MISSIONMATCH name or mark in connection with Christian ministry services and related services or by using reasonable measures to identify itself;

(b) Trebled damages associated with the infringement, in an amount to be determined at trial, but in no event less than $10,000;

(c) Plaintiff's cost and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

35. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-34 of this Complaint as if set forth fully herein.

36. Through its use of a confusingly similar domain name and email address on its website and in its marketing, Defendant has passed off and continues to pass of its services as Plaintiff's services and has caused and continues to cause likelihood of confusion and misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of its services. 815 Ill. Comp. Stat. §510/2(a)(1)-(3).

37. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) A permanent mandatory injunction ordering Defendant to stop unfairly poaching Plaintiff's customers;

(b) For damages to Illinois consumers and Plaintiff, in an amount to be determined at trial, but in no event less than $10,000.

(c) Both pre-judgment and post-judgment interest; and,

(d) Such other and further relief as this Court finds just and equitable.

## COUNT IV
## VIOLATION OF ILLINOIS UNFAIR COMPETITION

38. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-37 of this Complaint as if set forth fully herein.

39. Defendant's unauthorized use of the <www.missionmatch.com> domain name, along with its marketing of the MISSION MATCH mark, and its use of the missionmatch@aol.com email, deceives and purloins Plaintiff's customers and violates the common law of the State of Illinois.

40. Defendant's unfair competition is willful and intentional, with deceptive intent.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(a) For damages to Plaintiff, in an amount to be determined at trial, but in no event less than $5,000.

(b) Both pre-judgment and post-judgment interest; and,

(c) Such other and further relief as this Court finds just and equitable.

## COUNT V
## VIOLATION OF THE
## FEDERAL ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

41. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-40 of this Complaint as if set forth fully herein.

42. Defendant uses a domain name that is identical or confusingly similar to Empty Tomb's federally registered service mark, in violation of 15 U.S.C.A. § 1125(d)(1)(A).

43. Defendant's original acquisition and subsequent renewal of the <www.missionmatch.com> domain was in in bad faith as defined by 15 U.S.C.A Sections

1125(d)(1)(A) and (B)(i). Among other things, Defendant's domain name does not consist of a name used to identify the Defendant, it was registered and renewed after Empty Tomb had already been using the MISSION MATCH mark in connection with nearly identical services for several years and owned a federal trademark registration, and Defendant uses the domain name commercially to divert consumers from Plaintiff for Defendant's own commercial gain.

44. GPM did not have reasonable grounds to believe that the use of the <www.missionmatch.com> domain name was a fair use or otherwise lawful because GPM knew or should have known of Empty Tomb's registered mark and because GPM uses the domain name for its own commercial purposes.

45. WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) Transfer of the <www.missionmatch.com> domain name to Empty Tomb;

(b) Plaintiff's cost and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(c) Such other and further relief as this Court finds just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, Empty Tomb, Inc. hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Respectfully Submitted,

/s/ Daliah Saper
Daliah Saper
Matt Grothouse
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com

Date: December 21, 2015